as a result of the latent discovery of an occupational disease.[2]

██ Accordingly, as we find that this claimant offered no evidence that he was forced into compulsory retirement due to his disabling occupational disease, but rather, voluntarily retired from the work force in 1981, he is not entitled to benefits under the Workmen's Compensation Act.[3] Benefits under the Act will only be permitted where the disabling, work related injury or disease, results in a loss of earning power.

For the reasons stated herein, the decision of the Commonwealth Court is reversed.

PAPADAKOS, J., files a dissenting opinion.

MONTEMURO, J., is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket No. 94 R1800, due to the unavailability of LARSEN, J., see No. 127 Judicial Administration Docket No. 1, filed Oct. 28, 1993.

PAPADAKOS, Justice, dissenting.

At the very least, under the majority's theory of the case, I would remand this matter to the referee for a determination as to whether or not the Claimant, after voluntarily retiring in 1981 from his career employment, ever intended to re-enter the workforce in any other capacity. I would not create an automatic presumption that voluntary retirement at a particular age means that one never intends to work again in any other endeavor.

On a more fundamental level, I believe the majority is wrong in their loose reading of our Workmen's Compensation Act. Nowhere does it say that retirement makes one ineligible for benefits. How could it when there are today few age bars to gainful employment? The majority decision is also contrary to comparable federal law. Under the Mine Safety and Health Act, 30 U.S.C.A. § 801, et seq., retirement before becoming totally disabled by pneumoconiosis does not deprive a miner of benefits. See, *Palmer Coking Coal Co. v. Director, Office of Worker's Compensation Programs of U.S. Department of Labor*, 720 F.2d 1054 (C.A.9 1983).

In light of the instant employer's failure to show available work, I would affirm the decision of the Commonwealth Court awarding benefits.

**PHOENIXVILLE POLICE ASSOCIATION, by Ronald F. SWEET, Trustee ad Litem, Appellant,**

v.

**Barbara HAFER, Auditor General of the Commonwealth of Pennsylvania.**

Supreme Court of Pennsylvania.

Argued April 7, 1994.
Decided April 22, 1994.

---

**2.** A claimant's entitlement to benefits under the Pennsylvania Workmen's Compensation Act (WCA) is distinguishable from a claimant's entitlement to benefits under the Pennsylvania Occupational disease Act (ODA). *See* 77 P.S. § 1201 et seq. Under the WCA benefits are awarded, as explained above, where the claimant has a disease or disability which directly affects earning power. Under the ODA benefits are awarded because the claimant suffers an occupational disease and the claimant's earning power is a consideration reflected only in the amount of benefits received, 77 P.S. § 1406.

We note, however, that this claimant would not be entitled to any benefits under the ODA as he is currently receiving benefits under the Fed-

eral Coal Mine Health and Safety Act, 30 U.S.C.A. § 801, and the two Acts are mutually exclusive. 77 P.S. § 1401(k).

**3.** Under other circumstances we would remand to the referee for a further clarification of this issue. However, in this case, the claimant in his reply brief asserts that he retired in 1981 because the employer closed the mining operation where he was employed at that time. This argument, although dehors the record, further illustrates the fact that this claimant never asserted, or could assert, that his disabling condition forced him out of the work force.

Gary M. Lightman and James L. McAneny, Harrisburg, for Phoenixville Police Ass'n.

Robert J. Schwartz, Harrisburg, for Auditor Gen.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

### ORDER

PER CURIAM:

Order affirmed.

MONTEMURO, J., is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket No. 94 R1800, due to the unavailability of LARSEN, J., see No. 127 Judicial Administration Docket No. 1, filed October 28, 1993.